■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE WILSON, Appellant. — Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered September 22, 1981, convicting defendant upon his plea of guilty of the crime of assault in the second degree. Defendant's plea of guilty to assault in the second degree was entered in satisfaction of an indictment charging him with attempted murder in the second degree and assault in the first degree. At the time of the plea, defendant made a long recitation admitting that he had cut one Alton Lee with a knife and that he was guilty of the assault to which he was pleading. In the course of the plea proceeding, he was asked expressly by the court if he understood everything that was taking place and answered, "Very well, sir". His then attorney, Mr. Miller, was asked by the court if he was satisfied that his client understood "what is taking place here today" and the attorney answered, "I do, Your Honor". Although on the day of sentencing defendant asked for permission to withdraw his guilty plea, at no time prior to the imposition of sentence did he ever proclaim his innocence or deny the guilt that he had admitted at the time of the plea. All defendant did during the sentencing proceeding was complain that there had been no jury selection in his case and accuse the court of compelling his plea by the promise of a more severe sentence if defendant were found guilty after trial. Since these contentions are clearly refuted by the record, there is no need to remit for resentencing as the dissent suggests. Furthermore, inasmuch as defendant's guilt was never denied by him, there was no reason to grant the hearing mandated by *People v McKennion* (27 NY2d 671) or to permit the withdrawal of the plea. Defendant's conviction should, therefore, be affirmed. Judgment affirmed. Main, J. P., Casey and Yesawich, Jr., JJ., concur; Mikoll and Levine, JJ., dissent and vote to withhold determination of the appeal in the following memorandum by Mikoll, J.

Mikoll, J. (dissenting). We respectfully dissent. After having pleaded guilty, defendant requested permission to withdraw his plea, first by mail, and,

subsequently, at sentencing. The request was denied. Minutes of the sentencing proceeding failed to incorporate a statement made by defendant although they contain the notation that defendant did, in fact, make a statement. The incompleteness of the record makes review of the propriety of the denial of defendant's request to withdraw his plea of guilty impossible. The determination of the appeal should be withheld and the matter should be remitted to the trial court for resentencing.